UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KRIS WUENSTEL and GENA KRAUS-WUENSTEL,**

    Plaintiffs,

v.                                               Case No:  5:12-CV-422-Oc-10PRL

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**

    Defendant.

## ORDER

On January 30, 2013, Plaintiffs filed a Notice of Supplemental Authority (Doc. 34) listing several cases that Plaintiffs would like the Court to consider when it considers Defendant's pending Motion for Summary Judgment (Doc. 26) and Plaintiffs' Response in Opposition (Doc. 31).  Subsequently, on February 4, 2013, Plaintiffs filed a Motion to Strike their Notice of Supplemental Authority and Motion for Leave to Re-File Same (Doc. 35)[1], wherein Plaintiffs request leave pursuant to Local Rule 3.01(c) to file their Notice of Supplemental Authority.  Rule 3.01(c) states that "No party shall file any reply or further memorandum directed to [a] motion or response . . . unless the Court grants leave."  However, this Court has held that where a party's notice of filing supplemental authority does not raise a new argument, but "merely provides a recent case in support of the arguments already raised [in a] motion[,]" then it does not fall within the requirements of Rule 3.01(c).  *See Williams v. Heritage Operating, L.P.*, 2007 WL

---

[1] Notably, Plaintiffs' failed to comply with M.D. Fla. Rule 3.01(g), which requires that "[b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party . . ." and the motion should reflect that such a conference has occurred and the outcome of the conference.  The Court requires strict adherence to this rule; however, since the Court has determined that Plaintiffs' Motion is unnecessary, the Court will not deny Plaintiffs' Motion for failure to comply with Rule 3.01(g).

2302131, at *1 (M.D. Fla. Aug. 8, 2007). Here, a review of Plaintiffs' Notice (Doc. 34) and Motion (Doc. 35) reflect that Plaintiffs are providing recent cases in support of arguments already raised (regarding the definition of "structural damage") in their Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 31).

Accordingly, Plaintiffs' Motion (Doc. 35) is **DENIED as MOOT**. The Court will consider Plaintiffs' Notice (Doc. 34) when it takes up for consideration Defendant's Motion for Summary Judgment (Doc. 26) and Plaintiffs' Response in Opposition (Doc. 31).

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Ocala, Florida on February 5, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record